## CHARLES MILLER v. THE HILLSBOROUGH MUTUAL ASSURANCE ASSOCIATION.

The declaration was based upon a contract of insurance made "according to the terms of the constitution, by-laws and conditions" of the defendant association. The plea set up a defence under a by-law of the association. The replication' was that the only by-laws and conditions embraced in the contract were those annexed to the policy, and that the by-law set forth in the plea was not so annexed. On demurrer to the rejoinder—*Held*, that the replication constituted a departure from the declaration, and that the defendant was entitled to judgment on the demurrer.

In covenant.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *G. S. Grosvenor* and *E. L. Campbell.*

For the defendant, *J. D. Bartine.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff's declaration is in covenant, based upon a sealed policy of insurance issued by the defendant to Runkle Rea, who assigned the same to the plaintiff.   It avers that the defendant, by the policy issued according to the terms of its constitution, by-laws and conditions, had agreed that it should, according to said terms, be subject and liable to pay to Rea or his assigns by assignment, according to said constitution, by-laws and conditions, such loss as should happen by fire to a certain dwelling-house, &c., not exceeding $1500.   It then sets out the assignment to the plaintiff and a loss to the extent of $1500, and avers, generally, compliance by the plaintiff with the constitution, by-laws and conditions of the defendant association.   It also alleges that certain articles, by-laws or conditions of insurance were, at the time of the execution of the policy, annexed thereto, but it does not aver that

these and these alone comprised the constitution, by-laws and conditions on the terms of which the defendant had covenanted to become bound.

The defendant pleads that one of the by-laws of the association was that no policy on a dwelling-house should be valid if the building remained unoccupied more than thirty days, and that the plaintiff's dwelling-house had remained unoccupied more than thirty days before the loss.

The plaintiff's replication thereupon sets forth certain facts which he insists constitute an estoppel *in pais* against the defendant's interposition of that by-law.

To this replication the defendant filed a rejoinder, on which the plaintiff demurred.

In response to the defendant's demand for the causes of demurrer, the following was served:

## "CAUSES OF DEMURRER.

"The following are the causes of demurrer on which the plaintiff intends to rely upon the hearing of the demurrer to the rejoinder to fourth replication filed in the above-stated cause, furnished to the defendants pursuant to their demand therefor:

"I. For that the said defendants have not, in and by their said rejoinder, denied or confessed and avoided any substantial matter or point in the said replication alleged necessary to the sufficiency thereof.

"II. For that the plaintiff's said fourth replication is good and sufficient in law to maintain his aforesaid action against the said defendants, without any matter alleged therein which is denied by the said defendants' rejoinder thereto.

"III. The said rejoinder puts in issue matters and inferences of law to be tried by the country.

"IV. The said rejoinder puts in issue facts not alleged in said replication, but only inferences from facts therein alleged.

"V. The said rejoinder denies only a single fact alleged in said replication, which fact so denied is an immaterial fact.

" VI. The said rejoinder is argumentative, and tenders no certain issue.

" VII. The said rejoinder is a departure from the said defendants' supplemental plea.

" VIII. The defendants' said supplemental plea is insufficient because (1) it offers to vary the written contract declared on, by parol proof of notice and knowledge. (2) The condition of insurance therein set up never became and never was a condition of the contract declared on. (3) The defendants' having annexed to the policy the ' Conditions of Insurance,' are thereby estopped from setting up any different conditions, and thus denying that the conditions so annexed are the conditions of the said policy."

In support of the demurrer thus specialized the plaintiff's argument is in substance that, conceding the existence of the by-law mentioned in the plea, yet the defendant, by annexing to the sealed policy certain by-laws denominated therein " conditions of insurance," became estopped from averring that any other by-laws were conditions of that policy, and that, as the replication alleges, inter alia, that the by-law set out in the plea was not among those annexed to the policy, and the rejoinder does not deny or confess and avoid that allegation, the rejoinder is bad.

We do not think it necessary to consider the sufficiency of the rejoinder, for the reason that we regard the replication as a departure from the declaration and therefore insupportable.

The declaration counts upon a contract to insure under the terms of the constitution, by-laws and conditions of the association generally. This language, especially in view of the rule that the construction of pleadings shall lean against rather than in favor of the pleader, imports that legally all the constitution, by-laws and conditions of the association form part of the contract. It will not do for the plaintiff to urge that the policy, on an examination of all its terms and under the alleged rule of taking it most strongly against the insurer, will show on its face that only those by-laws and conditions

which were annexed to the policy were embraced in its scope, because the policy is not made a part of the declaration, and the court is therefore left to the presumption that the plaintiff has stated the contract, not in its precise words, but according to its legal effect, and this effect is inclusive of all the constitution, by-laws and conditions of the association. Such, then, is the contract on which the plaintiff has placed himself in his declaration.

But in his replication he presents an inconsistent claim. There he contends that the defendant's covenant was to be bound according to the by-laws and conditions of insurance annexed to the policy, and no others, and therefore the by-law of the association set up in the plea cannot avail the defendant, because it was not annexed to the policy. This is a substantially different contract from that exhibited in the declaration.

Such a departure is bad on general demurrer, and precludes the plaintiff from taking advantage on demurrer of any supposed defect in the rejoinder. *1 Chitty on Pl.* 648 ; *Brehen* v. *O'Donnell,* 5 *Vroom* 408 ; *Salt Lake City Nat. Bank* v. *Hendrickson,* 11 *Vroom* 52.

The plaintiff should have averred in his declaration that the contract was such as he now in his replication insists it is in legal effect; then if the defendant had pleaded that it comprised some other condition on which a defence would rest, an issue might readily be formed which, if found for the plaintiff, would support his declaration. As the pleadings stand, the plaintiff is merely endeavoring to estop the defendant from saying that the contract was just what the plaintiff has himself declared it to be as the foundation of his suit.

The plaintiff's objections to the plea are not well taken, because they rest on the assumption of that which, as before stated, is not apparent upon the record. to wit, that the only conditions of the policy are those which the declaration alleges to be annexed to it. If the legal effect of the policy was (as the declaration asserts) to make the by-laws of the association a part of it, then the defendant would not be attempting

to vary that contract by offering parol proof that the plaintiff knew what those by-laws were, nor could it be estopped by the fact that some conditions were annexed to the policy, from relying upon whatever other conditions were legally incorporated in the contract according to its terms.

The defendant is entitled to judgment on the demurrer.